# United States District Court
# Eastern District of California

| | |
|---|---|
| ANTHONY JOE MARTINEZ,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES YATES, Warden,<br><br>        Respondent. | 08-CV-02077 TJH<br><br><br>Order |

Petitioner was charged in two cases.  The first involved a drive-by shooting, which was allegedly gang motivated.  In that case, petitioner was charged with the discharge of a firearm at an occupied motor vehicle and receipt of stolen property.

The second occurred one and a half months later, and involved the robbery of a drug dealer. Petitioner was charged with robbery, residential burglary, and assault with a firearm.  It was alleged in both cases that petitioner acted with his co-defendant, Edrick Brown, and in both incidences a handgun was used.  The district attorney moved to consolidate the two cases.  The court granted the motion.

•  •  •  •  •  •  •

Four days into trial the prosecutor moved to amend the information to add an attempted murder charge with a gang enhancement. The court granted the amendment.

During closing argument, the prosecution made certain statements regarding a defense witness's testimony. The prosecution was challenging the witness's claim that a victim of the drive-by shooting threatened her and attempted to extort money out of her. The witness testified that she called defense counsel more than twenty times to report the harassment. The prosecutor rhetorically asked "if the [jurors] had any doubt that any criminal defense lawyer would know how to pick up the phone and inform law enforcement that an alleged victim is threatening a witness."

Additionally, the prosecutor made comments regarding the testimony of some of the prosecution's witnesses during her closing argument. She referred to the robbery victim as a "pretty open guy" who "rattles on and on and on" and "tells you more than you need to know about himself." The prosecutor, also, stated that the gang expert's testimony "means something more than just testifying in front of [the jury]" because the expert's opinion "can come up later in any other proceeding when his expertise is called into question," and that it was "a significant opinion given under oath."

The prosecutor, also, revealed to the jury her trial-related thought process regarding some of the witnesses. She stated that she did not introduce testimony from Jesse Mendoza because he was a friend of the petitioner, and she was not convinced that Mendoza did not play a role in the robbery that petitioner was charged with. The prosecutor, further, revealed that she never prepared the robbery victim for his testimony, so as not to taint him for trial.

During closing argument, the prosecutor argued that petitioner's co-defendant, an alleged Norteño gang member, being housed in jail with a rival Sureño gang

1    member did not disprove that the co-defendant was involved with the Norteños

2    because the Sureños would not have known that the co-defendant committed a crime

3    against their gang unless the co-defendant announced it.  Lastly, the prosecution

4    referred to the reasonable doubt standard as something that the jurors could determine

5    through their "common sense," and their "experience in life and expertise in day-to-

6    day affairs.

7           The jury found petitioner, and his co-defendant, guilty on all charges.

8           Petitioner filed a writ of *habeas corpus* in state court alleging that:  (1) The trial

9    court's decision to consolidate the two cases, and its refusal to sever the cases prior

10    to trial, violated petitioner's Fourteenth Amendment right to due process and a fair

11    trial;  (2) The trial court erred in granting the prosecution's motion to amend the

12    information to add an attempted murder charge;  (3) The prosecutor committed

13    prejudicial misconduct and violated petitioner's Fourteenth Amendment right to due

14    process and a fair trial;  (4) The cumulative prejudice that occurred amounted to a

15    violation of petitioner's Fourteenth Amendment right to due process; and (5)

16    Petitioner did not receive effective assistance of counsel.  His petition was denied.

17    Petitioner, then, filed a writ of *habeas corpus* in this Court.

18           Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C.

19    § 2254(d)(1), a *habeas* petition pursuant to the judgment of a state court shall not be

20    granted, with respect to any claim that was adjudicated on the merits in state court

21    proceedings, unless the adjudication of the claim resulted in a decision that was

22    contrary to, or involved an unreasonable application of, clearly established federal

23    law, as determined by the United States Supreme Court, or resulted in a decision that

24    was based on an unreasonable determination of the facts in light of the evidence

25    presented in the state court proceeding. *Cary v. Musladin*, 549 U.S. 70, 74, 127 S. Ct.

26    649, 652-53, 166 L. Ed. 2d 482, 487 (2006).

1  The Supreme Court has never clearly established under what circumstances a

2  joinder of two offenses would give rise to a due process violation.  Thus, under

3  AEDPA, petitioner is not entitled to *habeas* relief on that claim.

4  Even when applying Ninth Circuit precedent, petitioner's claim fails.  There

5  is no prejudicial constitutional violation of a joinder unless it actually rendered

6  petitioner's trial fundamentally unfair, and, thus, violative of due process.  *Davis v.*

7  *Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. denied*, *Davis v. Brown*, 545 U.S.

8  1165, 126 S. Ct. 410, 162 L. Ed. 2d 933 (2005).  This requisite level of prejudice is

9  only reached if the joinder had a substantial and injurious effect on the jury's verdict.

10  *Davis*, 384 F.3d at 638.  In evaluating prejudice, the Ninth Circuit focuses specifically

11  on cross-admissibility of evidence, and the danger of "spillover" from one charge to

12  another, especially where one set of charges is weaker than the others.  *Davis*, 384

13  F.3d at 638.  Under California Evidence Code § 1101(b), uncharged misconduct can

14  be used as evidence to prove identity.  *People v. Ewoldt*, 7 Cal. 4th 380, 403, 27 Cal.

15  Rptr. 2d 646 (1994).  Petitioner and his co-defendant were identified jointly using a

16  semiautomatic handgun in both incidences.  This evidence was cross-admissible

17  because it established identity by showing that the petitioner and his co-defendant

18  acted together.  There was, also,  no disparity in the strength of the two cases based

19  on the record at the time of the ruling.  In each situation, the victims identified the

20  petitioner and his co-defendant as the perpetrators.  Petitioner has not shown that his

21  joinder was contrary to clearly established federal law, or was based on an

22  unreasonable determination of the facts.  Therefore, petitioner is denied *habeas* relief

23  on that claim.

24  Because the trial court did not err in granting the motion to consolidate the

25  charges, and petitioner has not shown that the decision resulted in a trial that was

26  fundamentally unfair,  petitioner's claim that the court erred by refusing to sever the

charges against him is, also, denied *habeas* relief.

In petitioner's second claim, he alleges that the trial court erred in granting the prosecution's motion to amend the information four days into trial to include an attempted murder charge because petitioner was prejudiced by lack of notice of the new allegation.  The Supreme Court has never established under what circumstances a prosecutor's motion to amend the information would lead to a constitutional violation.  Therefore, this claim is denied *habeas* relief.

Under California law, petitioner's second claim still fails.  California Penal Code § 1009 states that amendments are permitted at any stage of the trial, provided the amendment does not change the offense charged in the original information to one not shown by the evidence taken at the preliminary examination, and the defendant is not prejudiced.  *People v. Winters*, 221 Cal. App. 3d 997, 1005, 270 Cal. Rptr. 740, 745 (1990).  It is under the sound discretion of the trial court to grant a prosecutor's amendment.  *Winters*, 221 Cal. App. 3d at 1005. The prosecutor argued that the evidence introduced at the preliminary examination, that established the firing at an occupied vehicle count, also, supported the attempted murder count.  Thus, the amendment was not supported by newly presented evidence.  Furthermore, the record shows that defense counsel was aware of the prosecutor's intent to add the attempted murder charge several months before the start of the trial, giving petitioner adequate notice.

In petitioner's third claim, he alleges that the prosecutor committed prosecutorial misconduct and violated his Fourteenth Amendment right to due process and a fair trial during her closing argument by:  (1) Introducing facts not in evidence;  (2) Vouching for witnesses; and  (3) Denigrating the reasonable doubt standard.  During trial, petitioner's counsel failed to object to this alleged misconduct.

Federal *habeas* review is barred if a state court declined to address a prisoner's

federal *habeas* claims because the prisoner failed to meet a state procedural requirement, unless the prisoner can show cause and prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640, 669 (1991).  For the claim to be federally barred, the state court decision to decline to address a claim must rest on a state law ground that is independent of a federal question and adequate to support the judgment.  *Coleman,* 501 U.S. at 729.  To qualify as an independent ground, the state law basis for the decision must not be interwoven with federal law.  *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001).  To qualify as an adequate ground, the state rule must be well-established at the time of the default and consistently applied.  *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir.), *cert. denied*, 540 U.S. 938, 124 S. Ct. 105, 157 L. Ed. 2d 251 (2003).

Under California law, a defendant may not complain on appeal of prosecutorial misconduct unless in a timely fashion – and on the same ground – the defendant made an assignment of misconduct and requested that the jury be admonished.  *People v. Samayoa*, 15 Cal. 4th 795, 841, 64 Cal. Rptr. 2d 400, 431 (1997).  This rule applies when a party fails to object to misconduct done during closing argument.  *Samayoa*, 15 Cal. 4th at 842.  The Ninth Circuit acknowledged this contemporaneous-objection rule when a party fails to object during closing argument.  *Hernandez v. Smith*, 100 Fed. Appx. 615, 617 (9th Cir. 2004). California's contemporaneous-objection rule is independent of federal law.  *Fairbank v. Ayers*, 650 F.3d 1243, 1256 (9th Cir. 2011).  Petitioner's counsel failed to object to the prosecutor's alleged misconduct during her closing argument.  The California Court of Appeal stated that petitioner's claim was procedurally barred  because he failed to object during trial.  Federal *habeas* review is barred if a state court declined to address a prisoner's claims because the prisoner failed to meet a state procedural requirement.  Thus, petitioner's claim is procedurally

1    barred.

2        Petitioner contends this procedural default was the result of ineffective

3    assistance of counsel.  Attorney error that constitutes ineffective assistance of counsel

4    is cause to excuse a procedural bar.  *Coleman*, 501 U.S. at 753.  For petitioner to

5    prove ineffective assistance of counsel, he must show that counsel made errors so

6    serious that counsel was not functioning as the right to counsel guaranteed by the

7    Sixth Amendment.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052,

8    2064, 80 L. Ed. 2d 674, 693 (1984).  The petitioner must, also, show that this

9    deficient performance prejudiced the defense, which requires showing that counsel's

10   errors were so serious as to deprive the petitioner of a fair trial.  *Strickland*, 466 U.S.

11   at 687.  Furthermore, when AEDPA applies, the question is not whether counsel's

12   actions were reasonable, but whether there is any reasonable argument that counsel

13   satisfied Strickland's deferential standard.  *Harrington v. Richter*, __ U.S.__, 131 S.

14   Ct. 770, 788, 178 L. Ed. 2d 624, 643 (2011).  Because many lawyers refrain from

15   objecting during opening statement and closing argument, absent egregious

16   misstatements, the failure to object during opening statement and closing argument

17   is within the "wide range" of permissible professional legal conduct.  *United States*

18   *v. Necoechea,* 986 F.2d 1273, 1281 (9th Cir. 1993).  Petitioner alleges that his

19   counsel was ineffective because he did not object to the prosecutor's alleged

20   misconduct during her closing argument.  Petitioner has failed to show that the

21   prosecutor's comments were egregious misstatements, therefore, defense counsel's

22   failure to object fell within the range of permissible legal conduct.  Thus, petitioner

23   has not shown he received ineffective assistance of counsel, and the procedural bar

24   still applies.

25        Even if petitioner's claim were not procedurally barred, the claim is still

26   without merit.  Prosecutorial misconduct will be held to violate the constitution only

if it so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Parker v. Matthews,* _ U.S._, 132 S. Ct. 2148, 2153, 183 L. Ed. 2d 32, 39 (2012).  When it is alleged that a prosecutor's statements rendered a trial fundamentally unfair, the remark must be placed within the context of the entire trial. *Greer v. Miller*, 483 U.S. 756, 765-66, 107 S. Ct. 3102, 3109, 97 L. Ed. 2d 618, 630 (1987).  It is not enough that a prosecutor's remarks were undesirable, or even universally condemned. *Darden v. Wainwright*, 477 U.S. 168, 180, 106 S. Ct. 2464, 2471, 91 L. Ed. 2d 144, 157 (1986).  During closing argument, prosecutors have considerable leeway to strike "hard blows" based on the evidence and all reasonable inferences from the evidence. *United States v. Hermanek*, 289 F.3d 1076, 1100 (9th Cir. 2002).

Petitioner claims that the prosecution committed misconduct by referring to facts not found in evidence.  In the first instance, the prosecution was challenging a defense witness's claim that a victim of the drive-by shooting threatened her and tried extorting money from her.  When a witness takes the stand, his or her credibility may be impeached and the testimony may be assailed.  *Portunondo v. Agard*, 529 U.S. 61, 69, 120 S. Ct. 1119, 1125, 146 L. Ed. 2d 47, 56 (2000).  In the case at bar, the prosecutor was challenging the credibility of a witness's claim and drawing inferences from the evidence, or lack of evidence, presented at trial.  Therefore, petitioner has failed to show that the prosecution committed misconduct.

Petitioner alleges that the prosecutor, also, referred to facts not in evidence when she revealed her trial-related thought process by stating why she chose not to call Mendoza as a witness, and by stating that she never prepared the robbery victim for his testimony. Petitioner, however, fails to show any authority to support the argument that this constitutes prosecutorial misconduct.

Petitioner, further, alleges that the prosecutor referred to facts not in evidence

1     when she argued that petitioner's co-defendant being housed in jail with a Sureño

2     gang member did not disprove that petitioner's co-defendant was not involved with

3     the Norteño gang.  The defendants were charged with a gang enhancement, and the

4     gang expert testified on cross-examination that the co-defendant was being housed

5     with a Sureño in jail.  The prosecutor's argument was, therefore, an inference drawn

6     from the gang evidence presented during trial.  Thus, petitioner has not shown that

7     the prosecutor committed misconduct.

8         Petitioner claims that the prosecutor committed misconduct by vouching for

9     the robbery victim and the gang expert during her closing argument.  A prosecutor

10    vouches for the credibility of a witness when he or she implies that the government

11    can guarantee the witness's veracity by placing the prestige of the government behind

12    a witness, or by suggesting that information not presented to the jury supports the

13    witness's testimony. *United States v. Parker*, 241 F.3d 1114, 1119-20 (9th Cir. 2001).

14    In both instances, the prosecutor never personally assured the jury of the witness's

15    honesty, nor did she make references to information not presented to the jury to

16    support the witness's testimony.  Furthermore, the jury received California Jury

17    Instruction, Criminal ("CALJIC") 2.20, that the jury is the sole judge of the

18    believability of witnesses and the weight to be given to each witness's testimony;

19    CALJIC 2.80, that the jury is not bound by an expert's opinion and it is to give each

20    opinion the weight it feels the expert deserves;  and CALJIC 1.02, that statements

21    made by attorneys during trial are not evidence.  Petitioner has not shown that the

22    prosecution committed misconduct.  And, because the jury was properly instructed,

23    the prosecutor's comments did not result in an unfairness that deprived the petitioner

24    of due process.

25        Lastly, petitioner claims that the prosecutor committed misconduct by allegedly

26    denigrating the reasonable doubt standard.  The jury is regularly presumed to accept

the law as stated by the court, not as stated by counsel. *United States v. Medina-Casteneda*, 511 F.3d 1246, 1250 (9th Cir.), *cert. denied*, *Medina-Casteneda v. United States*, 554 U.S. 908, 128 S. Ct. 2946, 171 L. Ed. 2d 874 (2008). At the close of petitioner's trial, the court instructed the jury that if anything said by the attorneys during closing argument conflicts with the jury instructions on the law, the jury must follow the court's instructions. The jury was, also, instructed with CALJIC 2.90, that a defendant is presumed innocent and explaining the reasonable doubt standard. Even if the prosecution's comment on the reasonable doubt standard were a misstatement, the jury was properly instructed, and told to follow the law as stated by the court. Therefore, in the context of the entire trial, the comment did not so infect petitioner's trial with unfairness as to make the resulting conviction a denial of due process.

In petitioner's fourth claim, he alleges that the cumulative prejudice that occurred during his trial amounted to a violation of his Fourteenth Amendment right to due process. The combined effect of multiple errors may justify *habeas* relief if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal. *Fairbank*, 650 F.3d at 1257. However, where no claims rise to the level of constitutional error, there is nothing to accumulate to the level of a constitutional violation. *Fairbank*, 650 F.3d at 1257. Petitioner's claims individually do not reach the level of constitutional error, thus, they have not accumulated into a denial of due process. Therefore, petitioner is denied *habeas* relief on this claim.

In petitioner's fifth claim, he argues that he received ineffective assistance of counsel because his counsel failed to object to the alleged prosecutorial misconduct in claim three. As stated above, this claim is without merit. Thus, petitioner is not entitled to *habeas* relief.

1         It is Ordered that the petition for writ of *habeas corpus* be, and hereby is,

2    Denied.

3

4    Date:   August 10, 2012

5                                  _____

6

7                                         Terry J. Hatter, Jr.

8                         Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26